UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA K.,[1] | ) |
| | ) No. 19 CV 599 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| | ) February 25, 2020 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Anna K. ("Anna") filed this action seeking review of the final decision of the Commissioner of the Social Security Administration denying her disability claims. Before the court is Anna's motion to amend her complaint to close the time period for her claims from her alleged disability onset date of December 10, 2014, through October 2019. For the following reasons, the motion is denied:

**Background**

In her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), Anna alleged that she became disabled on December 10, 2014. (R. 7, Administrative Record ("A.R.") at 23.) An administrative law judge ("ALJ") denied her claims on March 15, 2018. (Id. at 23-31.) Thereafter, the Appeals Council denied Anna's request for review, (id. at 7-11), rendering the ALJ's ruling the final decision of the Commissioner, *see Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir.

---

[1] Pursuant to Internal Operating Procedure 22, the court uses only the first name and last initial of Plaintiff in this opinion to protect her privacy to the extent possible.

2015). On January 29, 2019, Anna filed a complaint in this court, requesting that the court reverse the denial of her disability claims or, in the alternative, remand the matter for further administrative proceedings. (R. 1, Compl. at 3.) The parties filed cross-motions for summary judgment, and they are fully briefed as of December 2019. (R. 13, Pl.'s Mot.; R. 21, Govt.'s Mot.)

After she filed this matter for judicial review, Anna filed a second SSI application, and this time the Commissioner awarded her disability benefits beginning in October 2019. (R. 32, Pl.'s Mot. ¶ 3.) Anna now moves to amend her complaint to close the claims period, such that the applicable time period to be considered by the court would be December 10, 2014, through October 2019. (Id.) In so moving, she seeks to preclude the Commissioner from reconsidering her "subsequent favorable period of disability" based on the current appeal. (R. 37, Pl.'s Reply at 1.)

**Analysis**

Anna moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a), which states that the court "should freely give leave" for a party to amend its pleading "when justice so requires." She argues that based on the outcome of this appeal, "an ALJ (often the same ALJ who improperly denied the claimant the first time, thereby necessitating the federal court appeal) should not be allowed to expand [her] review to revisit a *subsequent favorable period that has already been adjudicated.*" (R. 37, Pl.'s Reply at 2-3 (emphasis in original).) If the door were to be left open for reconsideration of the favorable award decision, Anna asserts that she

2

could lose ongoing disability benefits, and due process would be thwarted. (Id. at 3-4.) She contends that this court's broad powers include the ability to restrict the scope of remand. (Id. at 4.)

The government opposes Anna's motion, arguing that she waited too long to file her motion, and that this court lacks jurisdiction to issue a ruling that extends past March 15, 2018, the date on which the ALJ issued the decision. (R. 35, Govt.'s Mem. at 1-3.) The government points out that the court may deny a proposed amendment to a complaint for "undue delay, bad faith, dilatory motive, prejudice, or if the amendment would be futile." (Id. at 2.) By waiting until after she and the government had cross-moved for summary judgment, Anna engaged in undue delay, rendering her motion untimely, according to the government. (Id. at 2-3.) The proposed amendment also would be futile, the government contends, because it "seeks judicial review of a time period that was not adjudicated" by the Commissioner. (Id. at 3.) The government concludes that because no final decision has been rendered by the Commissioner for the time period from March 15, 2018, through October 2019, this court lacks the power to rule on issues that extend into that period. (Id. at 3-4.)

The court agrees with the government. Anna argues that her request to close the claims period through October 2019 is proper because she "is not seeking a finding related to a period after the ALJ's decision." (R. 37, Pl.'s Reply at 1 (emphasis omitted).) Even so, she seeks a ruling from the court that restricts the scope of any possible remand through the 15-month period following the ALJ's ruling. (Id.) Anna offers no jurisdictional basis permitting the court to take such action. Because the

3

Commissioner did not issue a final decision that applies to that period, the court declines to permit Anna to amend her complaint to reflect a closed claim period of benefits that extends beyond March 15, 2018.

Anna makes clear that she only wishes to prevent the government from reconsidering her subsequent, favorable benefit award based on the court's decision in this matter. (Id.) While the court appreciates Anna's concern, the government has not yet acted in a manner that denies her benefits for the period of the second application. The government is therefore correct that any such decision is not properly before this court and regardless, Anna has not exhausted her remedies before the Commissioner as to such a claim.

## Conclusion

For the foregoing reasons, Anna's motion to amend her complaint is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**